IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUNG-MING CHEN, REG. NO. 83834-079, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-3548 |
| DAWN FUKUEI LIN, | § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Yung-Ming Chen, a federal prisoner, has filed a civil rights complaint against his former attorney, Dawn Fukuei Lin. The court will **DISMISS** the complaint because the claims have no basis in law.

Chen asserts that he paid Lin $13,000.00 to file a 28 U.S.C. § 2255 motion to set aside his criminal conviction and sentence. He alleges that he initially paid Lin $3,000.00 and later paid the remaining $10,000.00 after she assured him that she had conducted a careful review of the record and would prosecute the action in his behalf.

Lin filed a section 2255 motion for Chen on October 11, 2002, and the magistrate ordered the United States to file an answer as respondent to the motion. Chen asserts that the respondent did not comply in a timely manner, although a motion for extension of time was filed and was granted by the court. Subsequently, the respondent filed an answer, and the court denied the section 2255 motion pursuant to the magistrate's recommendation. See

<u>United States of America v. Yung-Ming Chen</u>, Cr. No. H-99-373; C.A. No. H-02-3861 (S.D. Tex.).

Chen contends that Lin failed to honor her obligation under the retainer by not filing a motion for default judgment or a motion for summary judgment based on the respondent's failure to comply with the court's order. Chen alleges that he and Lin had an agreement that Lin would ensure compliance with all deadlines established by the Federal Rules of Civil Procedure.

Chen further complains that Lin violated her duties by failing to file a traverse or responsive pleading opposing the answer filed by the United States. He also claims that Lin failed to inform him of the court's decisions and did not communicate with him in any way regarding the outcome. Chen contends that Lin's omission caused substantial prejudice to him in relation to the proceeding and that she made misrepresentations regarding her contract with Chen.

Chen filed a complaint with the State Bar of Texas for recovery of his fee. He claims that although he asserted that Lin had no intent to provide the agreed upon services, Lin made misrepresentations to the Bar and frustrated his attempts. Chen also filed a motion in the Southern District of Texas under Fed. R. Civ. P. 60(b) seeking to overturn the dismissal of the section 2255 motion. The district court denied the motion as a successive section 2255 challenge on August 19, 2008. See Civil Action No. H-02-3861.

Chen requests that this court enter a judgment declaring that Lin acted in bad faith and violated her duties as his attorney. He also seeks monetary damages of not less than $250,000.00 and an injunctive order preventing Lin or any of her associates from obstructing his efforts to collect his payment.

To state a claim under section 1983, the plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and must demonstrate that the alleged deprivation was committed by a state actor. Leffall v. Dallas Independent School District, 28 F.3d 521 (5th Cir. 1994). Chen complains about the performance of his counsel in a post-judgment habeas proceeding. Chen cannot assert an actionable violation of his right to counsel in a habeas proceeding because it is a civil action, and there is no absolute constitutional right to the assistance of counsel in such proceedings in federal court. Callins v. Johnson, 89 F.3d 210, 212 (5th Cir. 1996), citing Pennsylvania v. Finley, 107 S.Ct. 1990, 1993 (1987). Moreover, Lin cannot be sued under section 1983 because she is not a state actor. Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996), citing Polk County v. Dodson, 102 S.Ct. 445, 453-54 (1981). A private attorney might be held liable if she conspired with state officials to violate the plaintiff's civil rights. Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988). However, Chen's complaint does not contain any facts that would establish such a claim, and he cannot establish a conspiracy based on mere speculation. Id.

Chen's Application to Proceed In Forma Pauperis (Docket Entry No. 2) will be granted. Chen is not required to prepay the entire filing fee, but he is obligated to pay the filing fee pursuant to the provisions of 28 U.S.C. § 1915(b). The FCI Inmate Trust Fund is **ORDERED** to deduct 20 percent of each deposit made to Chen's account and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

### Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The Federal Inmate Trust Fund shall collect the filing fee and forward it to the court.

3. The Civil Action Complaint (Docket Entry No. 1) filed by Federal Inmate Yung-Ming Chen is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. The Clerk shall send a copy of this Memorandum Opinion and Order to the parties; Inmate Trust Fund, FMC Devens, Federal Medical Center, P.O. Box 879, Ayer, MA 04132; and the Pro Se Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 12th day of December, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE